THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
BILL STEVENS, Defendant-Appellee.

Fifth District   No. 78-77

Opinion filed November 17, 1978.

Robert H. Howerton, State's Attorney, of Marion (Bruce D. Irish and John A. Clark, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Craig and Brandon, of Herrin, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

An indictment was handed down in Williamson County charging the defendant, Bill Stevens, with official misconduct under section 33—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 33—3), a Class 4 felony. Specifically, the defendant was charged with accepting a bribe from a cable television company while he was an alderman in Johnston City. In return for the bribe, the defendant was alleged to have used his

influence and vote as an alderman to help the company secure a cable television franchise in Johnston City. The indictment stated that the official misconduct occurred during 1970. The indictment was returned on October 14, 1977, three days after discovery of the offense. The defendant, relying on section 3—6(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—6(b)), moved to dismiss the charge because it was barred by the statute of limitations. The defendant pointed out that the statute of limitations for Class 4 felonies was three years from the commission of the offense. (Section 3—5(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—5(b)).) However, the defendant asserted that where the charge was official misconduct the applicable period of limitation was governed by section 3—6(b). This section extends the period of limitations to no more than three years beyond the period of limitations otherwise applicable. Thus, the maximum duration for the period of limitations for the offense of official misconduct was six years (three years for a Class 4 felony plus a three-year extension where the offense involved is official misconduct). The defendant argued that even if the alleged offense occurred on the last day of 1970, section 3—6(b) would bar prosecution of the defendant for official misconduct because the indictment dated October 14, 1977, was returned more than 6½ years after the commission of the offense.

The State contends that the acceptance of the bribe was not only official misconduct but theft of public funds by the defendant as well. Relying on *County of Cook v. Barrett* (1st Dist. 1975), 36 Ill. App. 3d 623, 344 N.E.2d 540, the State argued that once the defendant accepted the bribe money, a constructive trust was placed on the money in favor of Johnston City. Johnston City had a superior equitable interest in the money because the defendant received it while under a fiduciary relationship with the city as its alderman. The State claimed that the defendant committed theft of public funds (the bribe money to which Johnston City had an equitable interest) by intending to deprive, and permanently depriving Johnston City of the bribe money. Therefore, the State argued that the appropriate period of limitations was governed not by section 3—6(b) but, rather, by section 3—7(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—7(b)). Under section 3—7(b) the statute of limitations was tolled while the person charged with theft of public funds was still in office. The defendant remained in public office as mayor of Johnston City immediately after his term as alderman expired. He remained in public office continuously after 1970 until the indictment was returned. Consequently, the State argued that the period of limitations did not bar a prosecution of the defendant because of his 6½ years of public office between 1970 and the handing down of the indictment.

The trial court granted the defendant's motion and dismissed the charge of official misconduct. The sole issue on review is whether the trial court erred in ruling that the statute of limitations barred the prosecution of the defendant for official misconduct. We hold that the trial court did not err and properly applied section 3—6(b) in dismissing the charge.

■■ The defendant was not charged with either theft of public funds or embezzlement. Therefore section 3—7(b) did not apply in this case. The defendant was only charged with official misconduct which is squarely dealt with under section 3—6(b). The longest period of limitation allowed under this section is six years. The State failed to prosecute until at least 6½ years after the offense was alleged to have been committed. This prosecution was properly barred.

■■ ■ The State attempted to apply section 3—7(b) by bootstrapping a public official's acceptance of a bribe into theft of public funds by asserting that the defendant intended to, and permanently did, deprive Johnston City of the bribe money which he held for the city under a constructive trust. While not attempting to define Johnston City's proprietary interest in the bribe money, we will assume arguendo that the city had a property interest in the money far superior to the defendant's. The test in determining whether a theft of public funds has occurred for purposes of section 3—7(b) is whether the public had an interest in the funds at the time of the theft. In this case, Johnston City had no interest in the money which was paid to the defendant. When he accepted the bribe, the source of the bribe money was a private company. Whatever interest Johnston City had in the money arose after it was paid to the defendant. We find no merit in the State's argument that a public official commits theft of public funds where he receives a bribe which originates from wholly private sources.

Affirmed.

G. J. MORAN and HICKMAN, JJ., concur.